Lowry v. Cabletron Systems          CV-96-452-SD   04/27/98

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Doris Lowry


        v.                              Civil No. 96-452-SD


Cabletron Systems, Inc.


                            O R D E R


        In this civil rights action, plaintiff Doris Lowry seeks
recovery for unlawful discharge and discriminatory practices by
her employer, Cabletron Systems, Inc.  Ms. Lowry claims that
Cabletron discharged her from her supervisory position on the
basis of her physical disability, age, and sex.  Only four of Ms.
Lowry's seven claims are still viable.  In a previous order dated
May 28, 1997, her 42 U.S.C. § 1983 claim, N.H. RSA 354-A claim,
wrongful discharge claim, and claim for breach of the implied
covenant of good faith and fair dealing were dismissed by this
court.  Ms. Lowry's remaining claims for discrimination based
upon physical disability (Count I), age (Count II), and gender
(Count III), and her state breach of contract claim (Count VII)
are the subject of Cabletron's motion for summary judgment.  Ms.
Lowry failed to respond to Cabletron's motion.

## 1. Background

Born on January 21, 1944, Ms. Lowry was employed by Cabletron Systems, Inc., a manufacturer of computer networking cables and devices, from October 1990 until her termination in July 1995. After 1994 Ms. Lowry was employed as a shift supervisor. She was given a supervisory position because her medical conditions limited her ability to perform production assembly work. She has suffered from carpal tunnel syndrome, muscle spasms, back injuries, knee problems, and arthritis for several years.

Ms. Lowry had been suspected of using drugs and delivering drugs to other Cabletron employees during work hours since February 1995. On July 3, 1995, Robert Gilbert, the chief of Cabletron security, filed a complaint with Detective Wayne Perreault of the Rochester Police Department, stating that he had received information that Ms. Lowry was using and selling drugs when at work. Mr. Gilbert also informed Detective Perreault that Ms. Lowry was operating a vehicle after having her license suspended. Perreault requested copies of the Cabletron Security reports and a photo of Ms. Lowry for his investigation.

On July, 6, 1995, Ms. Lowry was arrested for driving after suspension and possession of a controlled drug, namely marijuana. She waived her Miranda rights and cooperated with the police by telling them how much marijuana she had and where it was located in her car and on her person. Ms. Lowry told the arresting policemen "that she uses marijuana all the time, but not all the

2

time at work," and that she did bring marijuana to work to give to a fellow employee, but she would not give the name of her supplier or employee(s) who used marijuana at Cabletron. Report of Detective Perreault attached to Defendant's Motion for Summary Judgment. Linda Pepin, the Director of Human Resources at Cabletron, states that she and the Director of Manufacturing, John Caruso, spoke with Ms. Lowry about her arrest on July 10, 1995. On July 11, 1995, Ms. Lowry provided Ms. Pepin a copy of her charge documents, but did not include her written statement.

Ms. Lowry was terminated on July 14, 1995, for unsatisfactory work performance based upon her failure to cooperate, suspicions of on-the-job drug activity, and poor example for subordinates set by her drug arrest. She was informed of her termination by her supervisor and a member of the personnel department. Ms. Lowry contends that she had been promoted several times, received salary increases based upon her performance reviews, and was denied due process because Cabletron did not supply her with a warning or follow other personnel policy procedures prior to her termination.

Ms. Lowry contends that her disabilities were the actual reason for her dismissal. She alleges that during her course of employment, her supervisor, Rick Nichols, would ask her to fill in on a production line, which required physical exertion that was not part of her regular supervisory duties. She refused each time because her physical ailments prevented her from engaging in such work. Ms. Lowry contends that her termination for poor work

3

performance was really a pretext to cover up Cabletron's discriminatory practices. Ms. Lowry's evidence to support her allegation of discrimination is her testimony that her supervisor (Nichols) and other supervisory personnel told her subordinates that management was looking for an excuse to get rid of her. She stated in her deposition that Mr. Nichols had told her to get off worker's compensation, which she interpreted as discrimination toward her based on her physical disability.

Because Ms. Lowry felt that she was being discriminated against on the basis of her sex, age, and physical disability, she submitted a charge of such discrimination to the New Hampshire Human Rights Commission (NHHRC) on December 25, 1995. NHHRC referred her to the federal Equal Employment Opportunity Commission (EEOC). Ms. Lowry subsequently filed a complaint with the EEOC, who assumed jurisdiction over her charge and served Cabletron with notice of the charge. On May 23, 1996, Ms. Lowry received a notice of dismissal of her claim with the EEOC and was informed of her right to sue. Ms. Lowry subsequently filed a complaint with this court to seek relief for her claims.

## 1. Standard for Summary Judgment

"Summary judgment exists to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993) (quoting Wynne v. Tufts Univ. Sch. of Medicine, 976 F.2d 791, 794 (1st Cir.

4

1992), cert. denied, 507 U.S. 1030 (1993)).  The entry of summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To resolve a motion for summary judgment, the court must scrutinize the entire record in the light most favorable to the nonmovant, with all reasonable inferences resolved in that party's favor.  See Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, 514 U.S. 1108 (1995).  "In general, . . . a party seeking summary judgment [must] make a preliminary showing that no issue of material fact exists.  Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, 515 U.S. 1103 (1995).

The court finds that Cabletron has met its burden of showing that no genuine issue of material fact exists, and Ms. Lowry, who has not even responded to Cabletron's motion for summary judgment, has obviously failed to demonstrate the existence of a trialworthy issue.  The court hereby grants Cabletron's motion for summary judgment as to the remaining Counts I, II, III, and VII.

5

## Discussion

### A. The ADA, ADEA, and Title VII Claims

Ms. Lowry asserts claims of physical disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12100, et seq. (ADA), gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (ADEA). In discrimination cases, the plaintiff bears the ultimate burden of proof on whether he or she was the victim of intentional discrimination. Udo v. Tomes, 54 F.3d 9, 12 (1st Cir. 1995) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)). On the other hand, the burden of production is governed by the framework of McDonnell Douglas v. Green, 411 U.S. 792 (1973), under which a plaintiff may survive summary judgment despite lack of direct evidence by making the following prima facie showing: 1) that the plaintiff is a member of a protected class; 2) that he or she was performing his or her job at a level which would rule out that he or she was fired for inadequate job performance; 3) that he or she suffered an adverse job action by an employer; and 4) that the employer sought a replacement with equivalent qualifications. Smith v. Stratus Computer, Inc., 40 F.3d 11, 15 (1st Cir. 1994) (citing Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir. 1991)). If a plaintiff establishes a prima facie case, a presumption arises that the employer unlawfully discriminated against the plaintiff. Hicks, supra, 509 U.S. at 506. Therefore, the burden shifts to

6

the employer to produce a "legitimate, nondiscriminatory reason" for the termination.  Id.  If the employer provides such a reason, the burden shifts back to the employee to show that the employer's asserted reason for the termination was a pretext for discrimination.  McDonnell Douglas, supra, 411 U.S. at 804; see also Villanueva v. Wellesley College, 930 F.2d 124, 127 (1st Cir. 1991).

Cabletron has met its burden of setting forth a legitimate, nondiscriminatory reason for Ms. Lowry's termination.  Cabletron claims it terminated Ms. Lowry for using marijuana on the job and being arrested for possession of marijuana on her way to work. Ms. Lowry's only evidence of pretext is her statement that a supervisor had said "they were looking for a reason to fire me." Deposition of Lowry attached to Defendant's Motion for Summary Judgment.  Although this statement may show pretext, it does not show pretext for illegal discrimination.  See Udo, supra, 54 F.3d at 13 ("plaintiff must introduce sufficient evidence to support two findings: (1) that the employer's articulated reason for laying off the plaintiff is a pretext, and (2) that the true reason is discriminatory").  Here, the employer's statement that "they were looking for a reason to fire [Lowry]" is equally consistent with a finding that the real reason for her termination was legitimate as it is with a finding that the real reason was illegitimate.  The court concludes there is insufficient evidence "for a reasonable factfinder to infer that the employer's decision was motivated by discriminatory animus."

7

<u>Id.</u>  Lowry therefore has failed to meet her burden under <u>McDonnell Douglas</u>, and summary judgment for Cabletron is appropriate.

### B.  Breach of Contract Claim

The court exercises its discretion to dismiss the breach of contract claim, having dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").  Original jurisdiction was based on the federal discrimination statutes, and jurisdiction over the breach of contract claim was supplemental.  Since the court granted summary judgment for the federal discrimination claims, it declines supplemental jurisdiction over the breach of contract claim.

### Conclusion

For the reasons set forth herein, defendant's motion for summary judgment as to Counts I, II, III is granted, as is its motion to dismiss regarding Count VII.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 27, 1998

cc:   Sven D. Wiberg, Esq.
      Andru H. Volinsky, Esq.

8